■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v IRVING LEVINE, Respondent. — Appeal by the People, as limited by their brief, from so much of an order òf the County Court, Nassau County (Delin, J.), dated July 29, 1980, as dismissed the third count of the indictment, bribing a witness (Penal Law, § 215.00), against defendant Levine. Order reversed insofar as appealed from, on the law, the third count of the indictment is reinstated as against defendant Levine, and the case is remitted to the County Court for further proceedings with respect to the reinstated count. The corpus delicti of the crime of bribing a witness is the agreement or understanding that a benefit will influence testimony (*People v Kathan,* 136 App Div 303; see *People v Insogna,* 28 AD2d 771; *People v Plummer,* 44 AD2d 573). In this case the People have established prima facie the existence of such an agreement and the proof before the Grand Jury was sufficient to sustain the third count of the indictment. At the accusatory stage, legally sufficient evidence is prima facie evidence (see *People v Haney,* 30 NY2d 328; *People v Peetz,* 7 NY2d 147; *People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573; see, also, CPL 190.65, subd 1). Damiani, J. P., O'Connor, Bracken and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PITTMAN, Appellant. — Appeals by the defendant from two judgments of the Supreme Court, Westchester County, the first rendered October 18, 1979 (McMahon, J.; Indictment No. 274/79), convicting him of murder in the second degree and robbery in the first degree (two counts), the second rendered February 21, 1980 (McNab, J.; Indictment No. 132/79), convicting him of robbery in the first degree (four counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), each upon a jury verdict, and imposing sentence. By order dated August 17, 1981, this court remitted the case to Criminal Term to hear and report and, in the interim, the appeals were held in abeyance. (*People v Pittman,* 83 AD2d 870.) Criminal Term (Delaney, J.) has now complied. Judgments affirmed. The record fully supports Criminal Term's finding that the police learned of the defendant's outstanding arrest warrant before they placed him in the lineup. Accordingly, for the reasons stated in our initial memorandum, we affirm. (See *People v Pittman,* 83 AD2d 870, *supra*). Mollen, P. J., Titone, Weinstein and Gulotta, JJ., concur.